

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
Partner
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

January 17, 2019

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:   Chevrestt v. CPX Interactive LLC, No. 18-CV-11490 (JMF)

Dear Judge Furman:

      We represent the Defendant, CPX Interactive LLC ("CPXi"), in the above-referenced case. We write to respectfully request a pre-motion conference addressing Plaintiff's discovery failures and violations of court orders.

      On December 10, 2018, the Court issued two orders: an Order Regarding Early Mediation and the Initial Pretrial Conference (ECF No. 6); and a Mediation Referral Order (ECF No. 7). The first order instructed Plaintiff's counsel, Richard Liebowitz, to serve a copy of it on CPXi or its counsel, and the second order instructed Plaintiff to produce, "by the earlier of 14 days after service of process or three business days in advance of any mediation session, (1) copies of records sufficient to show the royalty paid the last three times the picture at issue in this case was licensed and (2) the number of times the picture was licensed in the last five years." Plaintiff and his counsel did not comply with either order.[1]

      CPXi now seeks another order, pursuant to Fed. R. Civ. P. 37, compelling Plaintiff to comply with the Mediation Referral Order and immediately produce two documents: (1) a bank record or other document showing the amount paid to Plaintiff to license the allegedly infringed photograph (the "Photograph"); and (2) Plaintiff's contract with the New York Post, which Plaintiff says is the only licensee of the Photograph. CPXi also requests that the Court order Plaintiff and/or his counsel to pay for the fees incurred by CPXi to raise these issues with the Court. *See* Fed. R. Civ. P. 37(a)(5)(A) and 37(c)(1). CPXi has satisfied its meet and confer

---

[1] My firm first learned of the Court's orders by reviewing the docket on Pacer. This is not the first time that Mr. Liebowitz has failed to comply with court orders concerning informing opposing counsel and defendants of important case details. *See, e.g., Steeger v. JMS Cleaning Services, LLC*, No. 17cv8013(DLC), 2018 WL 1363497, at *3 (S.D.N.Y. Mar. 14, 2018); *Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018); *see also McDermott v. Monday Monday, LLC*, No. 17cv9230 (DLC), 2018 WL 5312903, at *2-3 (S.D.N.Y. Oct. 26, 2018).


obligations by discussing the issues with opposing counsel by phone on multiple occasions, without resolution.

## Argument

Plaintiff filed this lawsuit on December 9, 2018, alleging that he is a professional photographer and that CPXi infringed his copyright by displaying an article, including the Photograph, on the website https://www.thefrisky.com/. Plaintiff had the complaint and summons served on December 10, 2018.

The Court's order (ECF No. 7) required Plaintiff to produce licensing documents and information no later than Wednesday, December 26, 2018, as December 24 and 25 were holidays. Plaintiff's failure to do so weeks after the Court-imposed deadline, is inexplicable. Mr. Liebowitz has represented, in an email on January 3, 2019, that the New York Post paid Plaintiff a one-time fee of "around $350" for use of the Photograph at issue, and that this payment amount was not specifically dictated by a license agreement. However, Plaintiff has failed to provide a single record confirming the payment amount, even after several requests, and Mr. Liebowitz has not denied that his client has a written contract with the New York Post governing the scope of the license that he granted to the Post.

Plaintiff did not register the Photograph with the U.S. Copyright Office until years after the alleged infringement commenced. Accordingly, no statutory damages or attorneys' fees are available to Plaintiff on his copyright infringement claim, should he prevail. 17 U.S.C. § 412. Plaintiff's purported actual damages, should he prevail, would be determined by assessing the reasonable license value of CPXi's use of the Photograph. As the Court knows, that renders the licensing documents potentially critical to the case's outcome.

The documents are also critical for a potential settlement. CPXi admits to no liability because, *inter alia*, it did not own the website at the time the allegedly infringing article was posted and the use in question was a fair use in a news story criticizing the original New York Post article and the man depicted in the Photograph. Nevertheless, CPXi has tried to settle this low-value case in a reasonable and prompt manner. The requested documents will be of use to the parties and to the mediator, with whom the parties have another call scheduled on January 22, 2019.

CPXi requests that the Court rule in its favor and order, again, production of the documents at issue.

Respectfully submitted,

/s/ J. Matthew Williams
J. Matthew Williams
Partner of
MITCHELL SILBERBERG & KNUPP LLP
cc: Plaintiff's counsel (via ECF)